IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT OLMOS,<br>Reg. No. 48610-177, TDCJ No. 02017882,<br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>  Respondent. | §<br>§<br>§<br>§<br>§    EP-16-CV-288-DCG<br>§<br>§<br>§<br>§ |

### MEMORANDUM OPINION AND ORDER

Petitioner Robert Olmos challenges the execution of his sentence through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Olmos, a prisoner serving concurrent state and federal sentences at the Texas Department of Criminal Justice Sanchez Unit in El Paso, Texas,[1] asks the Court to intervene in his behalf and order his transfer to the Federal Bureau of Prisons so that he may participate in the Residential Drug Abuse Program. After reviewing the record, and for the reasons discussed below, the Court will deny Olmos's petition, pursuant to 28 U.S.C. § 2243.[2]

### BACKGROUND AND PROCEDURAL HISTORY

On February 21, 2014, officers with the Police Department in Ranger, Texas, stopped Olmos for a traffic violation as he traveled westbound on Interstate 20. After obtaining the consent of the owner, the officers searched the vehicle and located approximately 26 grams of a crystalline powder. Olmos

---

[1] El Paso, Texas, is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] *See* 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*") (emphasis added).

admitted he purchased the powder in the Dallas-Fort Worth area. Laboratory analysis confirmed the powder contained methamphetamine.

A federal grand jury returned a two-count indictment charging Olmos with possession with intent to distribute more than five grams of methamphetamine ("count one") and possession of a firearm by a convicted felon ("count two") in Case No. 1:14-CR-53-O in the United States District Court for the Northern District of Texas, Abilene Division. The United States Marshals Service temporarily took custody of Olmos from state officials on a writ of habeas corpus *ad prosequendum*. Olmos pleaded guilty, pursuant to a plea agreement, to count one. The Court dismissed count two and sentenced Olmos to 24 months' imprisonment. The Court explained in the judgment that "[t]his sentence shall run consecutive to any sentence which may be imposed in Case No. CR17520, 35th District Court, Brown County, Texas and concurrently with any sentence which may be imposed in Case No. 3446, 91st District Court, Eastland County, Texas."[3] The Court also asked "[t]hat the Defendant participate in the Residential Drug Abuse Treatment Program."[4] After Olmos's sentencing, the Marshals Service returned him to state custody.

In his petition, Olmos claims that his sentence in Case No. CR17520 has "expired."[5] He asserts his "remaining sentences [in] cause no: 3446 Eastland County, Tx and cause no: 26211-A Taylor County, Tx are running concurrently with cause no: 1:14-CR-00053."[6] Olmos asks the Court to grant his "writ of

---

[3] J., Apr. 10, 2015, ECF No. 38, *United States v. Olmos*, 1:14-CR-53-O (N.D. Tex.).

[4] *Id.*

[5] Pet'r's Pet. 5, May 9, 2016, ECF No. 5.

[6] *Id.* at 5-6.

habeas corpus and bench warrant [him] to federal custody."[7]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[8] Section 2241 provides a federal district court with the power to grant a writ of habeas corpus when a petitioner shows he is "in custody in violation of the Constitution or laws or treaties of the United States."[9] "The language of § 2241, as well as the common-law history of the writ of habeas corpus, define the essential purpose of the writ—to allow a person in custody to attack the legality of that custody."[10] Additionally, § 2241 permits a petitioner to attack the manner in which his sentence is being executed.[11] Thus, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'"[12] Finally, a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief.[13]

---

[7] *Id.* at 7.

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[9] 28 U.S.C. § 2241(c) (2012).

[10] *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, 883 (3d Cir. 2007) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973)).

[11] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[12] *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

[13] *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas

## ANALYSIS

In his petition, Olmos asks the Court to intervene in his behalf and order his transfer from the Texas Department of Criminal Justice to the Federal Bureau of Prisons ("BOP"). He claims he seeks the transfer so that he may participate in the Residential Drug Abuse Program.

The law is clear that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[14] "[T]he practical necessities of prison administration require that the administrative decision to transfer an inmate" from one facility to another is a matter "within the sound discretion of prison authorities."[15] Thus, "the Board of Prisons ... possesses the absolute authority, absent a showing of abuse of discretion, to designate the place of a prisoner's confinement and to administer transfer matters."[16] Notably, Olmos does not allege the BOP abused its discretion with regard to his prison assignment. Moreover, when a prisoner serves federal and state sentences concurrently, "the question of ... custody over [the] prisoner is one of comity between governments and not a personal right of the prisoner."[17] In sum, the BOP has the exclusive authority to

---

petition).

[14] See United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States.").

[15] U.S. ex rel. Gereau v. Henderson, 526 F.2d 889, 896 (5th Cir. 1976).

[16] Clay v. Henderson, 524 F.2d 921, 924 (5th Cir. 1975).

[17] Floyd v. Henderson, 456 F.2d 1117, 1119 (5th Cir. 1972).

designate a prisoner's place of confinement.[18]   The Court does not have the authority to order the BOP to place Olmos in a particular facility or program.[19]

## CONCLUSION AND ORDERS

Based on this analysis, the Court concludes that it appears from the face of Olmos's petition that he has not met his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States."[20]   Thus, he is not entitled to § 2241 relief.   Therefore, the Court enters the following orders:

**IT IS ORDERED** that Olmos's *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ___22nd___ day of August, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[18] *See* 18 U.S.C. § 3621(b) (2012) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").

[19] *See United States v. Eakman*, 378 F.3d 294, 300 (3rd Cir. 2004) ("the Bureau has the exclusive authority to determine the place of imprisonment under 18 U.S.C. § 3621(b)"); *United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program.").

[20] 28 U.S.C. § 2241(c) (2012).